MIKE MARGOLIS, ESQ.  SBN: 087785
MARGOLIS & TISMAN LLP
444 South Flower Street, Suite 2300
Los Angeles, California  90071
Telephone: (213) 683-0300
Facsimile: (213) 683-0303
Email: margolis@winlaw.com

KIMBERLY L. OWENS, ESQ.  SBN: 233185
MARGOLIS & TISMAN LLP
601 Montgomery Street, Suite 2030
San Francisco, CA  94111
Telephone: (415) 986-2144
Facsimile: (415) 986-4461
Email: kowens@winlaw.com

Attorneys for Defendant
POLAR AIR CARGO WORLDWIDE, INC.

ROBERT M. LUBIN, ESQ.  SBN:  055863
JOSEPH CAMENZIND, IV, ESQ.  SBN:  244154
LAW OFFICES OF ROBERT LUBIN
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2331
Facsimile: (650) 638-1005
Email:  R1817@aol.com;
        camenzindlaw@yahoo.com

Attorneys for Plaintiff
MARK BAKHIT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK BAKHIT,<br><br>          Plaintiff,<br><br>     v.<br><br>POLAR AIR CARGO WORLDWIDE,<br><br>          Defendant. | Case No. CV-10-01927-BZ<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON**<br><br><br>Action Filed:  May 4, 2010<br>Trial Date:      December 5, 2011 |

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
————
601 MONTGOMERY ST.
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

Printed on Recycled Paper

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1   <u>"Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items," whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"Confidential" Information or Items</u>:   information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4   <u>Counsel</u> (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staffs).

2.5   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

1

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON

**CV-10-01927-BZ**

Printed on Recycled Paper

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:    a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a Party.

2.9    <u>Non-Party</u>:    any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Attorneys' Eyes Only."

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

2

_____
STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON

CV-10-01927-BZ

Printed on Recycled Paper

**3.**   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information contained in, copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**   **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to Sanctions.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON

**CV-10-01927-BZ**

Printed on Recycled Paper

1       If it comes to a Designating Party's attention that information or items that it designated for

2   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

3   that it is withdrawing the mistaken designation.

4          5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

5   Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

6   Disclosure or Discovery material that qualifies for protection under this Order must be clearly so

7   designated before the material is disclosed or produced.

8          Designation in conformity with this Order requires:

9          (a)   <u>For information in documentary form</u> (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

11  Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each

12  page that contains protected material.  If only a portion or portions of the material on a page

13  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

14  by making appropriate markings in the margins) and must specify, for each portion, the level of

15  protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

16         A Party or Non-Party that makes original documents or materials

17  available for inspection need not designate them for protection until after the inspecting Party has

18  indicated which material it would like copied and produced.  During the inspection and before the

19  designation, all of the material made available for inspection shall be deemed "ATTORNEYS'

20  EYES ONLY."   After the inspecting Party has identified the documents it wants copied and

21  produced, the Producing Party must determine which documents, or portions thereof, qualify for

22  protection under this Order.  Then, before producing the specified documents, the Producing Party

23  must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each

24  page that contains Protected Material.  If only a portion or portions of the material on a page

25  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

26  by making appropriate markings in the margins) and must specify, for each portion, the level of

27  protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

4

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON**

**CV-10-01927-BZ**

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "ATTORNEYS' EYES ONLY."   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").   Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation,

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

5

STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON

CV-10-01927-BZ

Printed on Recycled Paper

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.     Any Party or Non-Party may challenge a confidentiality designation at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.     A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

6

STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON

CV-10-01927-BZ

Printed on Recycled Paper

complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of 'CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated CONFIDENTIAL may be disclosed only to:

(a)    The Receiving Party and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON

**CV-10-01927-BZ**

Printed on Recycled Paper

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)     The Court and its personnel;

(e)     Court reporters and their staffs, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     The author of the document or the original source of the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)     Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

8

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON

CV-10-01927-BZ

Printed on Recycled Paper

1    (d)    The Court and its personnel;

2    (e)    Court reporters, their staffs, and professional vendors to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4    Bound by Protective Order" that is attached hereto as Exhibit A; and

5    (f) The author of the document or the original source of the information.

6    **8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>**

7    **<u>OTHER LITIGATION</u>**

8    If a Receiving Party is served with a subpoena or a court order issued in other litigation that

9    would compel disclosure of any information or items designed in this action as "CONFIDENTIAL"

10   or "ATTORNEYS' EYES ONLY," the Receiving Party must:

11   (a)    Promptly notify the Designating Party in writing (by email or fax).  Such notification

12   shall include a copy of the subpoena or court order;

13   (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the

14   other litigation that some or all of the material covered by the subpoena or order is subject to this

15   Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

16   (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the

17   Designating Party whose Protected Material may be affected.

18   If the Designating Party timely seeks a protective order or other protection, the Party served

19   with the subpoena or court order shall not produce any information designated in this action as

20   protected before a determination by the court from which the subpoena or order issued, unless the

21   Party has obtained the Designating Party's permission.  The Designating party shall bear the

22   burdens and the expenses of seeking protection in that court of its confidential material – and

23   nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

24   this action to disobey a lawful directive from another court.

25

26

27

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

9

STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON

**CV-10-01927-BZ**

Printed on Recycled Paper

1   **9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

2          **IN THIS LITIGATION**

3          (a)    The terms of this Order are applicable to information produced by a Non-Party in

4   this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

5   connection with this litigation is protected by the remedies and relief provided by this Order.

6   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

7   protections.

8          (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

9   Party's confidential information in its possession, and the Party is subject to an agreement with the

10  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11          1.    promptly notify in writing the Requesting Party and the Non-Party that some

12  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

13          2.    promptly provide the Non-Party with a copy of the Stipulated Protective

14  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

15  the information requested; and

16          3.    make the information requested available for inspection by the Non-Party.

17          (c)    If the Non-Party fails to object or seek a protective order from this court within 14

18  days of receiving the notice and accompanying information, the Receiving Party may produce the

19  Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

20  seeks a protective order, the Receiving Party shall not produce any information in its possession or

21  control that is subject to the confidentiality agreement with the Non-Party before a determination by

22  the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

23  seeking protection in this court of its Protected Material.

24

25

26

27  _____
    [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality

28  rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
    interests in this court.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

10

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON**                                **CV-10-01927-BZ**

Printed on Recycled Paper

1  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

4  the Receiving Party must immediately (a) notify in writing the Designating Party of the

5  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

6  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

7  Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to

8  Be Bound" that is attached hereto as Exhibit A.

9  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

10  **PROTECTED MATERIAL**

11       When a Producing Party gives notice to Receiving Parties that certain inadvertently

12  produced material is subject to a claim of privilege or other protection, the obligations of the

13  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

14       Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties to this action agree and the

15  Court orders as follows:

16       (a)    An "Inadvertently Produced Document" is a document that a Producing Party

17  provides to a Receiving Party in this case but that, had the Producing Party fully considered the

18  matter, would have been withheld by the Producing Party, in whole or in part, based on a claim of

19  privilege, work product protection, confidentiality or other restrictions on disclosure.

20       (b)    Irrespective of whether the Producing Party took reasonable steps to prevent

21  disclosure, providing an Inadvertently Produced Document shall neither constitute the voluntary

22  disclosure of such document, any portion of such document, or any of its contents, nor waive or

23  prejudice, in this or any other Federal or State proceeding, any claims of privilege, work product

24  protection, confidentiality or other restrictions on disclosure that the Producing Party may otherwise

25  be or have been entitled to assert with respect to such document, any portion of such document, or

26  any of its contents (including with respect to identical, similar or related information contained in

27  other documents or elsewhere) if: (i) the Producing Party notifies the Receiving Party in writing

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
————
601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON**                    **CV-10-01927-BZ**

Printed on Recycled Paper

within fifteen (15) days of discovering that the Producing Party has provided an Inadvertently Produced Document; and (ii) this notice contains information sufficient to identify the Inadvertently Produced Document, such as the Bates-number(s) associated with such document; and (iii) this notice identifies the claim of privilege, work product protection, confidentiality or other restrictions on disclosure asserted.

(c)     Upon receipt of the notice set forth in paragraph (b) above, the Receiving Party shall refrain from any further review or use of the Inadvertently Produced Document or any information derived from it.  Within five (5) days of receiving the notice, the Receiving Party must return the Inadvertently Produced Document to the Producing Party and must destroy all copies of the Inadvertently Produced Document and any other documents that summarize, discuss or quote the Inadvertently Produced Document.

(d)     In addition, upon receipt of the notice set forth in paragraph (b) above, the Receiving Party must undertake reasonable and good faith efforts to notify any person or entity who may have received a copy of the Inadvertently Produced Document or any information from such document from the Receiving Party of the fact that it has been identified as an Inadvertently Produced Document, provide that person with a copy of this Order, and ask that the person return or destroy all copies of the Inadvertently Produced Document and any other documents that summarize, discuss or quote the Inadvertently Produced Document.

(e)     This Order shall not preclude the Receiving Party from making a motion to compel production of documents or information returned under paragraph (c) above on a basis other than a waiver of protection because of its inadvertent disclosure.  The Producing Party shall retain copies of all returned documents for further disposition.

**12.     MISCELLANEOUS**

12.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON          **CV-10-01927-BZ**

Printed on Recycled Paper

1   producing any information or item on any ground not addressed in this Stipulated Protective Order.

2   Similarly, no Party waives any right to object on any ground to use in evidence of any of the

3   material covered by this Protective Order.

4           12.3   <u>Filing Protected Material.</u>   Without   written   permission   from   the

5   Designating Party or a court order secured after appropriate notice to all interested persons, a Party

6   may not file in the public record any Protected Material.  A Party that seeks to file under seal any

7   Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

8   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

9   issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

10  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

11  to protection under the law.  If a Receiving Party's request to file Protected Material under seal

12  pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the

13  information in the public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by

14  the Court.

15  **13.**   **<u>FINAL DISPOSITION</u>**

16          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days

17  after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return

18  all Protected Material to the Producing Party or destroy such material.  As used in this subdivision,

19  "all Protected Material" includes all copies, abstracts, compilations, summaries, notes or any other

20  form of reproducing or capturing any of the Protected Material.  With permission in writing from

21  the Designating party, the Receiving Party may destroy some or all of the Protected Material in a

22  manner agreed in writing instead of returning it.  Whether the Protected Material is returned or

23  destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not

24  the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by

25  category, where appropriate) all the Protected Material that was returned or destroyed and that

26  affirms that the Receiving party has not retained any copies, abstracts, compilations, summaries or

27  other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON

**CV-10-01927-BZ**

Printed on Recycled Paper

1    provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

2    transcripts, legal memoranda, correspondence or attorney work product, even if such materials

3    contain Protected Material.  Any such archival copies that contain or constitute Protected Material

4    remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

5            Pursuant to General Order 45, the filer of this document attests that concurrence in the filing

6    of this document has been obtained from each of the other signatories.

7            IT IS SO STIPULATED.

8    Dated: March 10, 2011                    MARGOLIS & TISMAN LLP

9                                             By:   /s/ Kimberly L. Owens
10                                                  KIMBERLY L. OWENS
                                             Attorneys for Defendant
11                                           POLAR AIR CARGO WORLDWIDE, INC.

12   Dated: March 10, 2011                    LAW OFFICES OF ROBERT LUBIN

13                                            By:   /s/ Joseph Camenzind
14                                                  JOSEPH CAMENZIND, IV
                                             Attorneys for Plaintiff
15                                           MARK BAKHIT

16

17                                     **ORDER**

18

19           PURSUANT TO STIPULATION, IT IS SO ORDERED.

20
     DATED: _____           [signature]
21                                           BERNARD ZIMMERMAN
22                                           United States Magistrate Judge

23

24

25

26

27

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

601 MONTGOMERY STREET
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER
THEREON**                                    **CV-10-01927-BZ**

Printed on Recycled Paper

1

**EXHIBIT A**

2

3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

4

**SAN FRANCISCO DIVISION**

5

6

| MARK BAKHIT, | Case No. CV-10-01927-BZ |
|---|---|

7

Plaintiff,

**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND BY**
**STIPULATED PROTECTIVE ORDER**

8

v.

9

POLAR AIR CARGO WORLDWIDE,

10

Defendant.

Action Filed:  May 4, 2010
Trial Date:     December 5, 2011

11

12

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED**
**PROTECTIVE ORDER**

13

14

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

15

perjury, that I have read in its entirety and understand the Stipulated Protective Order that was

16

issued by the United States District Court, Northern District of California on

17

_____, 2010 in the case of *Bakhit v. Polar Air Cargo Worldwide,* United States

18

District Court Case No. CV-10-01927-BZ.  I agree to comply with and to be bound by all the terms

19

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

20

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I

21

will not disclose in any manner any information or item that is subject to this Stipulated Protective

22

Order to any person or entity except in strict compliance with the provisions of this Order.

23

I further agree to submit to the jurisdiction of the United States District Court for the

24

purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

25

proceedings occur after termination of this Action.

26

27

28

_____

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
601 MONTGOMERY ST.
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER**
**THEREON**

**CV-10-01927-BZ**

✿
Printed on Recycled Paper

        I   hereby   appoint   _____   [print   or   type   full   name]   of
_____ [print or type full address and telephone number] as
my California agent for service of process in connection with this Action and any proceedings
related to enforcement of this Stipulated Protective Order.

Date:   _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
601 MONTGOMERY ST.
SUITE 2030
SAN FRANCISCO
CALIFORNIA 94111

**STIPULATION FOR PROTECTIVE ORDER; AND ORDER THEREON**          **CV-10-01927-BZ**          ✿ Printed on Recycled Paper