UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK DAVID BAKHIT, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C10-1927 BZ |
| | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO AMEND OR SET** |
| POLAR AIR CARGO, | ) | **ASIDE THE JUDGMENT** |
| | ) | |
| Defendant(s). | ) | |

On August 5, 2011, I granted defendant's motion for summary judgment and judgment was entered accordingly. Docket Nos. 71 and 72. Three weeks later, plaintiff moved to amend or set aside the judgment pursuant to FRCP 59 and FRCP 60. Docket No. 75. For the reasons explained below, plaintiff's motion is **DENIED**.

A party may seek reconsideration of summary judgment under FRCP 59(e) and FRCP 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1988). Under FRCP 59(e), reconsideration is only appropriate if (1) the court is presented with newly

1

1 discovered evidence; (2) the court committed clear error or
2 made an initial decision that was manifestly unjust; or (3)
3 there is an intervening change in controlling law. <u>Zimmerman</u>
4 <u>v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001). FRCP
5 60(b) adds several other grounds for seeking relief from
6 summary judgment, including (1) mistake, inadvertence,
7 surprise, or excusable neglect; (2) fraud, misrepresentation,
8 or misconduct by an opposing party; and (3) any other reason
9 that justifies relief.[1] See <u>Brown v. Warden</u>, 2011 WL 2559428
10 at *2 (E.D. Cal. June 27, 2011). Under both standards,
11 "[r]econsideration is not a vehicle by which an unsuccessful
12 party is permitted to rehash arguments previously presented or
13 to raise arguments or present evidence that could have been
14 raised previously." <u>Rao v. Amerisourcebergen Corp.</u>, 2011 WL
15 1464378 at *2 (E.D. Cal. Apr. 15, 2011).

    Plaintiff's motion, which points out numerous facts that allegedly support his claims, does not meet any of the grounds for reconsideration outlined in FRCP 59(e) and FRCP 60(b).

---

[1] The full text of FRCP 60(b) provides that courts may relieve parties from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifies relief." Relief under the last provision of FRCP 60(b) should be afforded "sparingly as an equitable remedy to prevent manifest injustice and...only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment." <u>Brown</u>, 2011 WL 2559428 at *2 (citations and quotations omitted).

The majority of the evidence that plaintiff presents in his motion was already considered by the Court at summary judgment (e.g., Captain Jerry McDermott's declaration; e-mails between defendant's employees in which they consider referring plaintiff to a psychologist; etc.). To the extent that plaintiff points to any evidence that was not previously before the Court, he does not make any showing that this evidence constitutes "newly discovered evidence" that was not available to him earlier, and it appears that it was. Such preexisting evidence cannot be the basis for a motion for reconsideration. See, e.g., Zimmerman, 255 F.3d at 740 ("a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable").

The remainder of plaintiff's motion focuses on the conduct of his attorneys. Specifically, he argues that many of the facts before the Court at summary judgment were incorrect due to errors and omissions by his counsel. Plaintiff, however, is bound by the actions of his attorneys and cannot set aside or amend the judgment by asserting after-the-fact that they acted negligently or performed unsatisfactorily. See, e.g., Casey v. Albertson's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396-97 (1993)("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected

agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent...").[2]

Plaintiff's motion is essentially an attempt to relitigate the issues on summary judgment and to place blame on his counsel for the outcome in the case. Because it contains no basis to set aside or amend the final judgment under FRCP 59(e) or FRCP 60(b), **IT IS HEREBY ORDERED** that plaintiff's motion is **DENIED**.

Dated: September 26, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BAHKIT V. POLAR AIR\ORDER DENYING PLAINTIFF'S POST SJ MOTION.wpd

---

[2] Plaintiff's reply points to even more facts that he claims were incorrectly presented at summary judgment. Courts are not required to consider arguments raised for the first time in a reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). In any event, plaintiff's reply lacks merit for the same reasons as his moving papers since it does not present any facts that meet the "newly discovered evidence" standard.

4